**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**EASTERN DIVISION**

**TONY AMES**                                                                                     **PETITIONER**

**v.**                                                                                                 **No. 1:10CV48-A-A**

**DANNY SCOTT, ET AL.**                                                              **RESPONDENTS**

**MEMORANDUM OPINION**

This matter comes before the court on the *pro se* petition of Tony Ames for a writ of *habeas corpus* under 28 U.S.C. § 2254. The State has answered the petition; the matter is ripe for resolution. For the reasons set forth below, the instant petition for a writ of *habeas corpus* will be denied.

**Facts and Procedural Posture**

Tony Ames is in the custody of the Mississippi Department of Corrections and is currently housed at the Mississippi State Penitentiary in Parchman, Mississippi. He was convicted of armed robbery (Count I) and aggravated assault (Count II) in the Circuit Court of Lowndes County, Mississippi. Ames was sentenced to serve a term of sixteen years on Count I with five years of post-release supervision and ten years on Count II to run concurrently with the sentence in Count I. State Court Record ("SCR"), Vol. 1, pp. 72 and 75.

Ames appealed his convictions and sentences to the Mississippi Supreme Court, raising the following grounds for relief (as stated by Ames through counsel):

    I.      Whether a directed verdict for the armed robbery charge was required and whether the verdict under both counts is supported by the weight of the evidence?

    II.     Whether Ames was entitled to a lesser included offense simple assault jury instruction?

    III.    Whether the trial court improperly limited the cross examination of State witness

> James Faris?

IV. Whether the trial court improperly limited theory of defense evidence?

V. Whether being tried in jail clothes prejudiced Ames?

VI. Whether the State was allowed to improperly attempt to impeach a defense witness with prior testimony?

The Mississippi Court of Appeals affirmed Ames' convictions and sentences. *Ames v. State*, 17 So.3d 130 (Miss. App. 2009), *reh'g. denied* June 23, 2009, *cert. denied* September 17, 2009 (Cause No. 2007-KA-01834-COA).

Ames then filed a Petition for Writ of Habeas Corpus in this court, raising the following issues (as stated by Ames *pro se*):

Ground One: Whether a directed verdict for the armed robbery and aggravated assault was required as both were not supported by the evidence.

Ground Two: Whether Petitioner was entitled to a lesser included offense instruction on simple assault.

Ground Three: Whether the trial court improperly limited the cross-examination of State witness.

Ground Four: Whether the trial court improperly limited theory of defense evidence.

Ground Five: Whether being seen by the venire in jail attire prejudiced Petitioner.

Ground Six: Whether the State was allowed to improperly impeach co-defendant with prior testimony.

**Procedural Bar**

On direct appeal, the Mississippi Court of Appeals found that Ames' allegations in Grounds Five and Six were procedurally barred from appellate review under the contemporaneous objection rule. The Court of Appeals held that, with regard to Ground Five, "It was the circuit judge and not Ames's attorney who questioned whether Ames would be going

to trial in prison garb. Accordingly, this issue was not raised for the circuit court to rule on and is, therefore, waived on appeal." *Ames*, 17 So.3d at 140. Further, with regard to Ground Six, the appellate court noted that Ames objected that defense witness Briggs had already answered a few questions and the testimony should not be read into the record, but did not object on the basis that Briggs was being improperly impeached. *Ames*, 17 So. 3d at 141. As such, the appellate court found the issue was procedurally barred from review. *Id.*

"When a state court declines to hear a prisoner's federal claims because the prisoner failed to fulfill a state procedural requirement, federal habeas is generally barred if the state procedural rule is independent and adequate to support the judgement." *Sayre v. Anderson*, 238 F. 3d 631, 634 (5th Cir. 2001) (*citing Coleman v. Thompson*, 501 U.S. 722, 111 S.Ct. 2546, 2553-54, 115 L.Ed.2d 640 (1991); *Amos v. Scott*, 61 F.3d 333, 338-39 (5th Cir. 1995)). The failure to present an issue to the trial court is an independent and adequate state procedural bar. *Smith v. Black*, 970 F.2d 1383, 1387 (5th Cir.1992). The adequacy of the contemporaneous objection bar applied to Ames' issues in state court depends on "whether Mississippi has strictly or regularly applied it." *Id*. (*citing Lott v. Hargett*, 80 F.3d 161, 165 (5th Cir. 1996)), and the petitioner "bears the burden of showing that the state did not strictly or regularly follow a procedural bar around the time of his appeal" and "must demonstrate that the state has failed to apply the procedural bar rule to claims identical or similar to those raised by the petitioner himself." *Id*. Ames has not shown "inconsistent and irregular" application of the bar, and has, therefore, defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule. *Id.* at 861.

In addition, it appears that Mississippi state courts do, in fact, consistently apply the

contemporaneous objection bar.[1] As such, Ames' allegations in Grounds Five and Six will be dismissed as procedurally barred.

Federal courts may, however, conduct *habeas corpus* review of a case that has been procedurally barred if the petitioner can demonstrate cause for his default and actual prejudice arising from applying it. *Coleman*, 501 U.S. at 750; *see also Martin v. Maxey*, 98 F.3d at 849 (*citing Sawyer v. Whitley*, 505 U.S. 333(1992)). In order to find the cause necessary to excuse procedural default, "there must be something *external* to the petitioner, something that cannot fairly be attributed to him." *Coleman*, 501 U.S. at 753 (emphasis in original). Examples of objective factors which have been found to constitute such cause include "interference by officials" and "a showing that the factual or legal basis for a claim was not reasonably available to [Petitioner]." *McClesky v. Zant*, 499 U.S. 467 (1991). Ames has not shown either cause for his default or prejudice arising from its application.

Finally, the failure of this Court to consider Ames' claims will not result in a "fundamental miscarriage of justice," *Martin,* 98 F.3d at 849 (*citing Sawyer v. Whitley,* 505 U.S. 333 (1992)), as Ames has not shown, "as a factual matter, that he did not commit the crime of conviction." *Fairman v. Anderson,* 188 F.3d 635, 644 (5th Cir. 1999) (citing *Ward v. Cain,* 53 F.3d 106, 108 (5th Cir. 1995)). To show that he is actually innocent, the petitioner must support his allegations with new reliable evidence which was not presented at trial – and must show that it was "more likely than not that no reasonable juror would have convicted him in light of the

---

[1] For examples of cases in which the Mississippi courts have consistently applied this bar see the following: *Wansley v. State,* 734 So.2d 193, 198 (Miss.App.1999); *Turner v. State,* 732 So.2d 937, 948 (Miss.1999); *Smith v. State,* 729 So.2d 1191, 1201 (Miss.1998); *Brewer v. State,* 725 So.2d 106, 132 (Miss.1998); *Smith v. State,* 724 So.2d 280, 309 (Miss.1998); *Hunter v. State,* 684 So.2d 625, 637 (Miss.1996); *Foster v. State,* 639 So.2d 1263, 1288-89 (Miss.1994); *Lambert v. State,* 574 So.2d 573, 577 (Miss .1990).

new evidence." *Fairman,* 188 F.3d at 644 (citations omitted). Ames has not produced any such evidence, and as such, cannot rely upon this exception to overcome the procedural bar in this case. Therefore, the court will dismiss the allegations contained in Grounds Five and Six of the instant petition as procedurally barred.

**Grounds Reviewed on the Merits in State Court**

The Mississippi Supreme Court has already considered Grounds One, Two, Three and Four on the merits and decided those issues against the petitioner; hence, these claims are barred from *habeas corpus* review by the Antiterrorism and Effective Death Penalty Act, 28 U.S.C. § 2254(d), unless they meet one of its two exceptions:

> (d) An application for a writ of *habeas corpus* on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings *unless* the adjudication of the claim–
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

*Id.* (emphasis added). The first exception, subsection (d)(1), applies to questions of law. *Morris v. Cain*, 186 F.3d 581 (5th Cir. 2000). The second exception, subsection (d)(2), applies to questions of fact. *Lockhart v. Johnson*, 104 F.3d 54, 57 (5th Cir. 1997). Since the petitioner's claims challenge both the application of law and the finding of fact, this court must consider the exceptions in both subsections.

Under subsection (d)(1), a petitioner's claim merits *habeas* review if its prior adjudication "resulted in a decision that was *contrary to*, or involved an *unreasonable*

*application* of, clearly established Federal law." *Id.* (emphasis added). A state court's decision is *contrary to* federal law if it arrives at a conclusion opposite to that reached by the United States Supreme Court on a question of law, or if it decides a case differently from the Supreme Court on a set of "materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 120 S.Ct. 1495, 1523 (2000). A state court's decision involves an *unreasonable application of* federal law if it identifies the correct governing principle but unreasonably (not just incorrectly) applies that principle to facts of the prisoner's case; this application of law to facts must be *objectively* unreasonable. *Id.* at 1521. As discussed below, the petitioner has not shown that the Mississippi Supreme Court unreasonably applied the law to the facts, or that the court's decision contradicted federal law. Accordingly, the exception in subsection (d)(1) does not apply to Grounds One, Two, Three and Four of the petitioner's claim.

Nevertheless, under § 2254(d)(2) these grounds may still merit review if the facts to which the supreme court applied the law were determined unreasonably in light of the evidence presented. Because the supreme court is presumed to have determined the facts reasonably, it is the petitioner's burden to prove otherwise, and he must do so with clear and convincing evidence. *Miller v. Johnson*, 200 F.3d 274, 281 (5th Cir. 2000); 28 U.S.C. § 2254(e)(1). As discussed below, the petitioner has failed to meet this burden; as such, he cannot use subsection (d)(2) to move these claims beyond § 2254(d), which bars from *habeas corpus* review issues already decided on the merits.

**Ground One – Denial of Motion for Directed Verdict
as to the Armed Robbery Charge**

In Ground One, Ames argues that the trial court improperly denied his motion for

directed verdict with regard to his armed robbery charge.[2] Essentially, Ames argues that the State presented insufficient evidence to support the charge. A challenge to the sufficiency of the evidence can support a claim for habeas relief only if the evidence, when viewed in the light most favorable to the State is such that no reasonable fact finder "could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979); *see also Marler v. Blackburn*, 777 F.2d 1007, 1011 (5th Cir. 1985). This standard of review "preserves the integrity of the trier of fact as the weigher of the evidence." *Bujol v. Cain*, 713 F.2d 112, 115 (5th Cir. 1983). The *Jackson* standard allows the trier of fact to find the evidence sufficient to support a conviction even if "the facts also support one or more reasonable hypotheses consistent with the defendant's claim of innocence." *Gilley v. Collins*, 968 F.2d 465, 468 (5th Cir. 1992).

The appellate court considered this argument and noted that Miss. Code Ann. §97-3-79 states:

> Every person who shall feloniously take or attempt to take from the person or from the presence the personal property of another and against his will by violence to his person or by putting such person in fear of immediate injury to his person by the exhibition of a deadly weapon shall be guilty of robbery....

*Ames*, 17 So.3d at 135. On direct appeal, Ames only challenged the sufficiency of the evidence with regard to the element of armed robbery requiring that the perpetrator "take or attempt to take" personal property. However, the court of appeals held:

> The State offered sufficient evidence that Ames committed violence to Halbert's

---

[2] Ames originally also alleged that the trial court had improperly denied his motion for directed verdict with regard to the aggravated assault charge. However, this allegation was not raised on direct appeal and was thus unexhausted for the purposes of the A.E.D.P.A. As such, Ames asked this Court to withdraw that particular claim. ECF doc. 16.

> person-the attack-and that Ames put Halbert in fear by exhibiting a deadly
> weapon-the brass knuckles. Therefore, our review is limited to considering
> whether there was sufficient evidence that Ames attempted to take any personal
> property from Halbert during the course of the attack.

*Ames*, 17 So.3d at 135. The appellate court went on to note that, under Mississippi law, an attempt to take a victims' personal property constitutes a robbery. *Id.* at 136. As such, the court held:

> In the present case, corroborated testimony indicated that the incident began as a
> demand by Ames and Briggs for Halbert to give them some money. The
> testimony also indicated that when Halbert refused to hand over any money,
> [S.C.R., Vol. 2, pg. 108, Vol. 3, pg. 192] Ames and Briggs threatened Halbert,
> [S.C.R., Vol. 2, pg. 110, Vol. 3, pg. 192] attacked him with weapons, [S.C.R.,
> Vol. 2, pp. 112-114, Vol. 3, pp. 194-197] and left his unconscious body on the
> street. [S.C.R., Vol. 2, pg. 114 , Vol. 3, pg. 197] Taking the evidence in a light
> most favorable to the prosecution, we find that there was sufficient evidence from
> which the jury could find the necessary elements of robbery. We find no error
> with the circuit court's denial of Ames's motion for a directed verdict.

*Id.* The appellate court's decision was neither contrary to, nor did it involve an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States. Additionally, the decision was not based on an unreasonable determination of the facts in light of the evidence. Therefore, Ames is not entitled to habeas relief on Ground One.

### Ground Two: Jury Instruction on the
### Lesser Included Offense of Simple Assault

In Ground Two, Ames argues that he was entitled to a jury instruction on the lesser included offense of simple assault. Generally, challenges to jury instructions may not form a basis for federal habeas corpus relief. *Gilmore v. Taylor*, 113 S.Ct. 2112, 2118-19, 124 L.Ed.2d 306, 318 (1993); *Estelle v. McGuire*, 502 U .S. 62, 71-71 (1991). Unless a petitioner establishes that an improper instruction rose to the level of a constitutional violation, habeas corpus will not lie to set aside the conviction. *Taylor*, 113 S.Ct. at 2121, 124 L.Ed.2d at 322; *McGuire*, 502 U.S.

at 72. The burden of demonstrating that errors in jury instructions were sufficiently prejudicial to support a collateral attack on the constitutional validity of a state court's judgment is even greater than the showing required to establish plain error on direct appeal. *Henderson v. Kibbe*, 431 U.S. 145, 154 (1977). "A petitioner must show that the erroneous instruction by itself so infected the entire trial that the resulting conviction violates due process." *Mayabb v. Johnson*, 168 F.3d 863 (5th Cir. 1999) citing *Henderson, supra*. While the above cited law pertains to instructions that were given, this law can also be applied conversely when a trial court refuses to give an instruction. As applied conversely, "[t]he relevant inquiry is whether the failure to give an instruction 'by itself so infected the entire trial that the resulting conviction violates due process.'" *Galvin v.* Cockrell, 293 F.3d 760, 765 (5th Cir. 2002)(*quoting Cupp v. Naughten*, 414 U.S. 141, 147 (1973).

When Ames proffered a jury instruction on simple assault, the trial judge noted that the nurse practitioner who had treated Halbert (the victim) stated that he had suffered "serious bodily injury." S.C.R., Vol. 4, pg. 390 (*See* S.C.R., Vol. 3, pg. 236 for nurse practitioner's testimony). The trial judge went on to state "the undisputed testimony at this point in time is that the injury was serious bodily injury." S.C.R., Vol. 4, pg. 391. As such, the trial court refused the instruction because "the defendant's either guilty of aggravated assault or he's not guilty, because of self defense." S.C.R., Vol. 4, pg. 391. The appellate court considered Ames' claim that he was entitled to the lesser included instruction and held:

> The testimony from Shaw [the nurse practitioner] regarding Halbert's injuries was that his face was swollen and bruised; his ribs were sore; and there were abrasions on his hand; and it was difficult for him to move his thumb. [S.C.R., Vol. 3, pp. 234-235]. As a result of the beating, Halbert suffered a broken nose and broken bones in his face near his eye, and his injuries required surgery to repair. [S.C.R., Vol. 3, pg. 235]. Shaw agreed that Halbert's injuries were brought about in a

> means likely to produce death or serious bodily injury and were serious bodily injuries. [S.C.R., Vol. 3, pp. 236-237].
>
> In this case, the issue of whether there was sufficient evidence to give a simple assault instruction hinges on whether there was any evidence from which a jury could find that Halbert's injuries were anything less than serious bodily injuries. From the evidence presented, we do not find that there was sufficient evidence to grant a simple assault instruction. Shaw's uncontested testimony was that Halbert's injuries were serious. The injuries previously described unquestionably support this finding. *See Brown v. State*, 934 So.2d 1039, 1043 (¶¶ 11-12) (Miss.Ct.App.2006) (severity of a broken jaw and the necessary treatment did not allow for a simple assault instruction). Had Ames presented testimony or any evidence that Halbert's injuries were not serious, then a simple assault instruction may have been warranted. *See Odom v. State*, 767 So.2d 242, 246(¶ 13) (Miss.Ct.App.2000) (proper to give a simple assault instruction when the defendant presented a witness who testified that the victim's injuries were not serious). However, Ames presented no such evidence, and the circuit court noted such in deciding not to give a simple assault instruction.
>
> With Ames having failed to present any evidence that Halbert's injuries were not serious, we find no error with the circuit court's determination that the severity of Halbert's injuries would not have supported a conviction of simple assault. Accordingly, we find that this issue is without merit.

*Ames*, 17 So.3d at 137-138.

In light of the appellate court's ruling and the facts in the record, Ames has not shown that the trial court's denial of the requested instruction "so infected the entire trial" that petitioner's due process rights were violated. Accordingly, the appellate court's resolution of the issue in Ground Two was not contrary to clearly established federal law, nor did it involve an unreasonable application of clearly established federal law as determined by the Supreme Court of the United States. Additionally, the decision was not based on an unreasonable determination of the facts in light of the evidence. Therefore, Ames is not entitled to habeas relief on Ground Two.

# Ground Three: Limiting the Cross-Examination
## of Investigator James Faris

In Ground Three, Ames complains that the trial court improperly limited the cross-examination of Investigator James Faris. On the issue of evidentiary rulings, this Court's review "'is limited to determining whether a trial judge's error is so extreme that it constituted a denial of fundamental fairness' under the Due Process Clause." *Castillo v. Johnson,* 141 F.3d at 222; *see also Jackson v. Johnson,* 194 F.3d at 656. The appellate court considered Ames' claim and summarized the examination of Faris, holding:

> In the present case, the circuit court sustained objections to cross-examination when the questions called for hearsay answers. For example, the judge explained to Ames's attorney that she needed to lay a proper foundation if she wanted to cross-examine Officer Faris about what he found out "according to his investigation" when his sources were hearsay. [S.C.R., Vol. 3, pp. 268-269].
>
> However, Ames's attorney was permitted to cross-examine Officer Faris about any statements made by Halbert. Also, contrary to Ames's argument, Officer Faris testified that he did not recover any weapons from the scene of the crime. [S.C.R., Vol. 3, pp. 260-261]. On cross-examination, he also admitted that he did not try to get a search warrant because it had been two weeks since the attack. [S.C.R., Vol. 3, pg. 260] Having been so long since the crime, he did not think that there was probable cause to obtain a warrant.[S.C.R., Vol. 3, pg. 255]. Additionally, the cross-examination of Officer Faris brought out the fact that the deputies who initially responded to the scene did not recommend to their reporting officer that felony charges should be filed. [S.C.R., Vol. 3, pp. 255-256]. Instead, they instructed Halbert to go to justice court to file charges. He also admitted that the case was not referred to his office for further investigation until two weeks after the attack. [S.C.R., Vol. 3, pg. 260]. Further supporting Ames's contention that no robbery occurred was the fact that Officer Faris had no knowledge of anything having been taken from Halbert. [S.C.R., Vol. 3, pg. 265].
>
> Based on the forgoing, we find that Ames's attorney properly cross-examined Officer Faris. Ames's defense theory was brought out in Officer Faris's testimony when he said: (1) no weapons were found; (2) he did not attempt to get a search warrant; (3) the attack was initially considered a misdemeanor incident by the responding deputies; and (4) he did not know that anything was taken from Halbert. The circuit court sustained objections to the hearsay testimony, but it was proper for the court to block the introduction of such testimony. M.R.E. 802. We

> find no error with the circuit court's rulings concerning Ames's attorney's cross-examination of Officer Faris. This issue is without merit.

*Ames*, 17 So.3d at 138-139. Given this ruling and the facts in the record, Ames cannot demonstrate that he was denied fundamental fairness in the cross-examination of Investigator Faris. As such, the Mississippi Court of Appeals' rejection of this allegation was neither contrary to, nor did it involve an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States. Additionally, the decision was not based on an unreasonable determination of the facts in light of the evidence. Therefore, Ames is not entitled to *habeas corpus* relief on Ground Three.

## Ground Four: Limiting Portions of Ames' Testimony

In Ground Four, Ames argues that the trial court improperly limited portions of his testimony explaining the justice court proceedings which supported his defense. On matters of evidentiary rulings, this Court's review "'is limited to determining whether a trial judge's error is so extreme that it constituted a denial of fundamental fairness' under the Due Process Clause." *Castillo v. Johnson,* 141 F.3d at 222; *see also Jackson v. Johnson,* 194 F.3d at 656. The appellate court also provided an accurate summary of Ames' testimony, holding:

> According to the State, the objections were made when Ames attempted to testify about what Constable Sonny Sanders told Ames on the phone and about what the justice court judge allegedly said to Ames. [S.C.R., Vol. 4, pp. 333 and 334]. The circuit court sustained the hearsay objections, but it allowed Ames to testify as to what happened or what he did as a result of the justice court hearing. [S.C.R., Vol. 4, pp. 334-337]
>
> After reviewing the record, we agree that Ames was not prevented from presenting any theory of his defense when he was not allowed to testify as to what the constable or the justice court judge told him. The circuit court allowed Ames to testify regarding what happened in justice court as long as he avoided hearsay statements. We further find *Nalls* [*v. State*, 651 So.2d 1074, 1076 (Miss. 1995)] distinguishable because Ames was not attempting to impeach the credibility of a

> hearsay declarant. Instead, he was the one trying to offer the hearsay testimony. Once again, under Rule 802, hearsay is generally not admissible at trial, and the circuit court properly excluded it. We find no error in the circuit court's ruling; therefore, this issue is without merit.

*Ames*, 17 So.3d at 139.  The record reveals that Ames was allowed to present his theory of the defense and to explain what occurred in the justice court.  Ames cannot, therefore, demonstrate the trial judge's proper exclusion of hearsay somehow deprived him of fundamental fairness.  Therefore, the Mississippi Court of Appeals' decision that this allegation was without merit was neither contrary to, nor did it involve an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States.  Additionally, the decision was not based on an unreasonable determination of the facts in light of the evidence.  Therefore, Ames is not entitled to habeas relief on Ground Four.

In sum, all of the grounds for relief in the instant petition are either procedurally barred or without substantive merit.  As such the instant petition for a writ of *habeas corpus* will be dismissed.  A final judgment consistent with this memorandum opinion shall issue today.

**SO ORDERED,** this the 25th day of March, 2013.

 /s/ **Sharion Aycock**
 **U.S. DISTRICT JUDGE**